**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MICKEY BRITT,**

      **Plaintiff,**

**vs.**                          **Case No. 4:18cv21-RH/CAS**

**UNITED STATES GOVERNMENT,
and ATTORNEY GENERAL SESSIONS,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

On July 23, 2018, pro se Plaintiff Mickey Britt filed a pleading which

the Clerk of Court has titled as his "second amended complaint."  ECF No.

22.  Mr. Britt's second amended complaint does not comply with the prior

Orders of this Court or the Federal Rules of Civil Procedure.

Mr. Britt has previously been advised in three prior Orders that he

must comply with the Rules of this Court.  ECF Nos. 16, 18, and 21.  In

particular, he was required to comply with Local Rule 5.1(B) which requires

that the first page of a document submitted for filing "begin with the case

style. The case style must include the name of the court, the case number

(including the initials of any assigned judges), and the name of at least one

party on each side of the case . . . ." N.D. Fla. Loc. R. 5.1(B). He was

informed that the first page of any document he submits to this Court must

look similar to the first page of the prior orders. Mr. Britt's recent

"complaint" does not comply. Not only did he not submit the first page of

the complaint form, he did not include the name of the court, the case

number, or any party. Instead, he essentially submitted a letter. ECF No.

22. That is not sufficient and fails to comply with court rules.

Furthermore, Mr. Britt was previously informed that his prior amended

complaint was insufficient because he did not list any statute, treaty, or

Constitutional provision that was at issue, or that he believes has been

violated. *See* ECF No. 21. He has still not provided that information. That

portion of the complaint form which directs a plaintiff to state his claims and

request relief from the Court was submitted, but is blank. ECF No. 22 at 6.

Additionally, Mr. Britt did not properly sign the complaint form as required

by Federal Rule of Civil Procedure 11(a), although he included a signature

under another portion of the complaint. *Id.* at 5. That signature does not,

however, comply with Rule 11.

Case No. 4:18cv21-RH/CAS

Case 4:18-cv-00021-RH-CAS    Document 23    Filed 09/19/18    Page 3 of 4

Mr. Britt's second amended complaint does not provide a statement of facts which demonstrate that his rights have been violated.  His dissatisfaction with the prohibition against possessing or consuming "any damn drug" he desires is not a sufficient basis for a federal lawsuit.  *See* ECF No. 11 at 1.  His second amended complaint is insufficient to state a claim and should be summarily dismissed.

Notwithstanding that Mr. Britt paid the filing fee for this case, such a payment does not grant him "a license to consume limited judicial resources and put defendants to effort and expense."  Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), aff'd, 41 F.3d 1500 (2d Cir. 1994).  No Defendant should be required to respond to Mr. Britt's complaint.  It does not state a claim, does not comply with the Federal Rules of Civil Procedure, and further opportunities to submit yet another amended complaint are not warranted.  Mr. Britt has already been provided several opportunities to do so, *see* ECF Nos. 16 and 21, and it does not appear that further opportunities would be beneficial.  No constitutional claim is evident from the statements made in his prior complaints.  This case should now be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that

Plaintiff's second amended complaint, ECF No. 22, be **DISMISSED** for

failure to state a claim upon which relief may be granted pursuant to

Federal Rule of Civil Procedure 12(b)(6).

**IN CHAMBERS** at Tallahassee, Florida, on September 19, 2018.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



**<u>NOTICE TO THE PARTIES</u>**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**